# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Israel J. Alvarez,<br><br>    Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>    Respondents. | No. CV 11-98-TUC-FRZ (JJM)<br><br>**ORDER** |

    Before the Court for consideration is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Israel J. Alvarez, *pro se*, and the Report and Recommendation of the Magistrate Judge, who has recommended dismissal.

    The Petitioner was convicted by a jury in Pima County Superior Court on one count of first degree murder, under the felony murder theory, and one count of aggravated robbery. The trial court sentenced him to concurrent prison terms of life imprisonment without the possibility of release for 25 years and 6.5 years respectively.

    The Petition for Writ of Habeas Corpus lists five grounds for relief as follows: Ground 1"the trial court erred by refusing to grant his motion for judgment of acquittal based on insufficient evidence;" Ground 2 "his counsel was ineffective for failing to tell him that the state had offered Alvarez a plea agreement;" Ground 3 "that a then-recent state-court decision clarifying the application of accomplice liability under state law would have induced him to take the plea had he been aware of it and understood it;" Ground 4 "that the trial court

1  did not properly define the crime of felony murder in the instructions given to the jury;"
2  Ground 5 "that the trial court erred by admitting into evidence the victim's statements that
3  he had been "jumped" by three men and had his car stolen because the statement was
4  inadmissible hearsay and violated the Sixth Amendment 's confrontation clause."

This matter was referred to Magistrate Judge Jacqueline M. Rateau, pursuant to the provisions of 28 U.S.C. § 636(b), Rule 72, Fed.R.Civ.P., and Local Rules 72.1 and 72.2 of the Rules of Practice of the United States District Court for the District of Arizona, for further proceedings and Report and Recommendation.

Magistrate Judge Rateau issued her Report and Recommendation, recommending the Court deny the Petition for Writ of Habeas Corpus. This recommendation is based on the finding that Ground Four and a portion of One, Three and Five "fail to state a federal claim that is cognizable on habeas review."

The Magistrate Judge further recommends that dismissal is appropriate on the finding that: Ground 1 "the circumstantial evidence cited by the state court supported the rejection of this claim and the state court's decision was "objectively reasonable;" Ground Two and the portion of Three that is cognizable "the trial court's denial of this claim was not an unreasonable application of *Strickland*;" Ground Five "the state court's decision denying this claim was a reasonable application of *Crawford*."

The Report and Recommendation issued by Magistrate Judge Rateau sets forth the factual and procedural history of the Petitioner's state court proceedings and convictions at issue as well as provides a thorough analysis of the claims and legal standards at issue.

The Petitioner filed an Objection to the Report and Recommendation that was issued by Magistrate Judge Rateau pursuant to 28 U.S.C. § 636(b), challenging the substantive and procedural findings set forth therein, as well as advancing new claims that were not in the Petition for Writ of Habeas Corpus.

Respondent filed a Response to the Objections to the Report and Recommendation that was filed by the Petitioner which addressed the objections the Petitioner raised as well as addressing the new issues brought forward by the Petitioner.

"[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Brown v. Roe*, 279 F.3d 742, 744 (9th Cir. 2002) (citing *U.S. v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000)).[1] "[H]owever, that in making a decision on whether to consider newly offered evidence, the district court must actually exercise its discretion, rather than summarily accepting or denying the motion." Id. (quotations omitted)

In objection three, the Petitioner presents the new claim that he should be resentenced due to the fact that Arizona law has changed since he was sentenced. This Court will not exercise its discretion to consider this matter as the Petitioner has made no showing as to how a writ for habeas corpus will be able to grant him the relief that he seeks.

In objection five, the Petitioner presents the new issue which states that the Arizona Department of Corrections did not allow him access to legal mail, materials and assistance. The Court will not exercise its discretion to consider this matter as the Petitioner filed his petition in a timely manner, and so there is no relief available for the Petitioner.

This Court finds, after consideration of all the matters presented and an independent review of the record which included the Objection by the Petitioner and the Response to the Objection by the Respondent, that the Petition for a Writ of Habeas Corpus shall be denied and this action be dismissed in accordance with the Report and Recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 16) is hereby ACCEPTED AND ADOPTED as the findings of fact and conclusions of law by this Court;

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus is DENIED and this action is hereby DISMISSED;

---

[1] The Court in *Howell* cite both *Freeman v. County of Bexar*, 142 F.3d 848, 850-53 (5th Cir. 1998) and *Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988) when adopting this rule.

1    **IT IS FURTHER ORDERED** that judgment be entered accordingly.

3    DATED this 21st day of March, 2014.

Frank R. Zapata
Senior United States District Judge